UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cyril C. Anuforo,                                                  Civil No. 05-2156 (JRT/FLN)

      Plaintiff,

      v.                                                                **REPORT AND RECOMMENDATION**

Commissioner of Internal
Revenue Service,

      Defendants.

_____

P. Chinedu Nwaneri for Plaintiff.
Thomas M. Newman for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on January 30, 2007, on Defendant's Second Motion to Dismiss for Lack of Jurisdiction [#22]. In response to Defendant's motion, Plaintiff submitted a document titled Plaintiff's Motion to Dismiss Defendant's Second Motion to Dismiss [#35], which this Court will treat as a memorandum in opposition to Defendant's Motion. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's Motion be granted.

**I.      FINDINGS OF FACT**

Plaintiff filed a complaint on September 16, 2005, which sought the recovery of trust-fund-recovery penalties under 26 U.S.C. § 6672. (See Compl.) On March 15, 2005, prior to the filing of this action, Plaintiff filed Forms 843 (Claim for Refund and Request for Abatement) for each quarter that trust-fund-recovery penalties had been assessed. (Compl ¶ 11.) Defendant claims that the Forms filed on March 15, 2005, were returned to the Plaintiff on April 8, 2005, because they

were not signed under the penalty of perjury. (Schmitz Decl., Docket No. 7, Ex. B.) Plaintiff does not dispute that the forms were unsigned, but does dispute that the unsigned forms were returned to the Plaintiff. (Nwaneri Decl. ¶¶ 8-11.) Plaintiff claims that the Defendant did not raise the issue of unsigned Forms 843 until after this action was commenced. (Nwaneri Decl. ¶14.) On November 3, 2005, Plaintiff re-sent signed copies of the Forms 843. (Nwaneri Decl. ¶15.)

On November 18, 2005, Defendant filed a motion to dismiss [#5] on the basis that subject matter jurisdiction was not proper because the Plaintiff had failed to exhaust his administrative remedies before filing this action. Prior to the hearing on the motion to dismiss, the parties filed a Joint Stipulation to Hold the Case in Abeyance [#14]. The Stipulation reads:

> The parties agree to hold this case in abeyance for six months from the date this joint stipulation is entered to allow the Internal Revenue Service to conduct an administrative review of the taxpayer's liabilities. After conferral, the parties agree that an IRS administrative review would benefit this case by strengthening the factual record prior to proceeding to litigate the matter in federal court. The United States agrees to withdraw its pending MOTION TO DISMISS so that plaintiff may not be required to re-file the action, and incur additional fees, when the IRS concludes the administrative review.
> This agreement is consistent with 26 U.S.C. § 7422, which requires plaintiff to exhaust administrative remedies before pursuing relief in federal court. The purpose of this requirement is to "afford the Commissioner an opportunity to correct errors made by his office and to spare the parties and the courts the burden of litigation."

(Docket No. 14.)

Following the six month period, Defendant renewed its previous motion by filing this Motion.

## II.   STANDARD OF REVIEW

Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.

2

See Marine Equipment Management Co. v. U.S., 4 F.3d 643, 646 (8th Cir. 1993), citing Bender v. Williamsport Area High School Dist., 475 U.S. 534, 541 (1986).  A federal court has a duty to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied.  See Bradley v. American Postal Workers Union, AFL-CIO, 962 F.2d 800, 802 n.3 (8th Cir. 1992).   When it appears the court lacks jurisdiction, jurisdiction may not be waived.  See Agrashell Inc. v. Hammons Products Co., 352 F.2d 443, 447 (8th Cir. 1965).  The Plaintiff bears the burden of establishing that subject matter jurisdiction is appropriate.  V.S. Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000).

### III.   LEGAL ANALYSIS

The jurisdiction of this Court over a suit against the United States is limited to the terms of the consent by the United States, which includes any limitation as to when a suit may be brought. United States v. Dalm, 494 U.S. 596, 608 (1990) (citing United States v. Mottaz, 476 US. 834, 841 (1986)).  Under 26 U.S.C. § 6532(a), "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time."  26 U.S.C. § 6532(a).  Since the record is clear that a decision had not been rendered on Plaintiff's claims before he brought suit, the jurisdictional question before the Court is whether the Plaintiff filed his claims for refund six months prior to the filing of this suit.

Plaintiff argues that he filed his claims on March 15, 2005, waited six months, and brought this suit on September 16, 2005, thereby satisfying the requirements of §6532(a).  Plaintiff alleges that the unsigned Forms 843 were never returned and the Internal Revenue Service's acceptance of those forms is evidence by fact that the payment submitted with the form was accepted.  Defendant

claims that the unsigned Forms 843 were returned to the Plaintiff, but even if they weren't returned, they cannot be deemed to be valid claims for refunds.  In support of its argument that the unsigned Forms 843 cannot be considered valid claims, the Defendant points to its own regulations regarding refund claims, which states:  "The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury.  A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit."  26 C.F.R. § 301.6402-2(b).  In further support of its position that an unsigned claim does not constitute a valid claim, the Government points to 26 U.S.C. § 6061(a), which requires documents submitted under the internal revenue laws to be signed.

The Plaintiff relies on BCS Financial Corp. v. United States and asks the Court to apply the "informal claim" doctrine, which would "excus[e] harmless noncompliance with the formalities prescribed for refund claims by the Treasury regulation."  118 F.3d 522, 524 (7th Cir.1997).  The Plaintiff's reliance upon BCS Financial Corp. is misplaced; in its opinion, the Seventh Circuit substantially criticizes the application of the "informal claim" doctrine as the Plaintiff asks the Court to apply it.  Id. at 524-27.  The Plaintiff also asks the Court to apply the doctrine of waiver, which applies when "the IRS has sufficient knowledge of the [noncompliant claim] and makes a determin[ation] on the merits."  Goulding v. United States, 929 F.2d 329, 332 (7th Cir. 1991).  However, the Plaintiff has alleged no facts that suggest that the Commissioner made a determination on the merits of the unsigned Forms 843.

The Court accepts the Defendant's position that the unsigned Forms 843 are not valid claim forms.  Since these forms are not valid they cannot satisfy the jurisdictional prerequisite of making a claim to the Secretary six months before initiating a suit in this Court.  The Court must turn to

whether the signed Forms 843 sent on November 3, 2005, can satisfy the statutory prerequisite to subject matter jurisdiction.

The Plaintiff argues the passage of the required amount of time, especially while this case was held in abeyance, should satisfy the jurisdictional requirement. Indeed it would appear from the Joint Stipulation to Hold the Case in Abeyance [#14] that both the Plaintiff and the Defendant believed that the passage of time would cure the jurisdictional defect that occurred when the Plaintiff filed his case, before signed Forms 843 were submitted. It now appears to the Court that the passage of time cannot cure the jurisdictional defect of premature filing. Black v. Sec'y of Health and Human Serv., 93 F.3d 781, 790-91 (Fed. Cir. 1996) ("[I]t would be contrary to Congress's intent for a district court to employ a procedural device that would permit a plaintiff to file his complaint within the prohibited period, yet still maintain the action.") (citing McNeil v. United States, 508 U.S. 106 (1993); Hallstrom v. Tillamook County, 493 U.S. 20 (1989)). The law does not confer subject matter jurisdiction on this Court when the suit is commenced prior to the filing of valid Forms 843. This case must be dismissed without prejudice for lack of subject matter jurisdiction.[1]

The Court cannot let the Government's mishandling of this case pass without notice. In January, 2006, the Tax Division of the United States Department of Justice entered into the stipulation quoted above [#14] intending that both the Plaintiff and the Court rely upon it to cure the jurisdictional defect the Government initially identified in its motion to dismiss [#5]. The Court too relied upon the parties' stipulation when, in an order dated January 31, 2006, it accepted the parties' stipulation and ordered Defendant to answer on or before October 1, 2006. On October 27, 2006,

---

[1] The Court observes that Plaintiff may be able to amend his Complaint in Civil No. 07-1756 (JRT/FLN) to include the claims that are being dismissed in this action.

the Government made its second motion to dismiss [#22]. In its memorandum in support of its motion, the Government describes as "misguided," the holding of the case in abeyance, without taking any responsibility for its own contribution to this "misguided" attempt to cure the defect. The ineptitude of the Tax Division contributed to a significant delay in the resolution of this case.

## IV.  RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Second Motion to Dismiss for Lack of Jurisdiction [#22] be **GRANTED** and this case dismissed without prejudice.  It is also recommended that Plaintiff's Motion to Dismiss Defendant's Second Motion to Dismiss [#35] be **DENIED**.


DATED: August 22, 2007                                s/ *Franklin L. Noel*
                                                     FRANKLIN L. NOEL
                                                     United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 7, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 7, 2007** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.